IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KIM CANNISTRA | ) |
| | ) |
| v. | ) No. 1:21-0052 |
| | ) |
| U.S. DEPARTMENT OF THE TREASURY, et al. | ) |

**To:** The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

By Order entered October 13, 2021 (Docket Entry No. 7), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 15) filed by Defendants. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this action be dismissed.

### I. BACKGROUND

Kim Cannistra ("Plaintiff") is a resident of Pulaski, Tennessee. On September 7, 2021, she filed this *pro se* lawsuit against the United States Department of Treasury, Bureau of the Fiscal Services ("Treasury Department"), and the Center for Medicare & Medicaid Services and Coordination of Benefits and Recovery ("CMS") (collectively, "Defendants"). *See* Complaint (Docket Entry No. 1). Plaintiff styles her lawsuit as one for "civil theft and fraud" and seeks

damages of $5,000,000.00 for "false, deceptive and misleading acts of theft, fraud, and material misrepresentations" against her. *Id.* at 1, 3, and 5.

As gleaned from the record in this case, the essential facts are summarized as follows. Plaintiff was involved in an accident in 2015. As a result, she received medical treatment that was paid for pursuant to the federal Medicare program, of which she is a beneficiary. Plaintiff received a monetary settlement from the party at fault for the accident, and, at some point, she was informed by CMS that Medicare believed it was entitled to reimbursement from Plaintiff for some of the medical payments that had been made. The issue was not resolved, and the Treasury Department began to garnish funds from Plaintiff's monthly, federal disability payments to satisfy Medicare's claim for reimbursement. Plaintiff alleges that although she made "several attempts . . . to clarify the errors by the departments(s) for the fraudulent billing of services not related to the auto accident," the amount of $185.55 has been deducted from her disability checks "for over 3 years."

In lieu of an answer, Defendants filed the pending motion to dismiss. Defendants first argue that Plaintiff failed to serve process in accordance with the manner of service required by Rule 4(i) of the Federal Rules of Civil Procedure for effecting service of process upon the United States and its agencies because she failed to serve process upon the United States Attorney for the Middle District of Tennessee and upon the Attorney General of the United States, both of which are required by Rule 4(i)(1), and she failed to properly serve process upon the U.S. Department of Health and Human Services, of which CMS is a part. *See* Memorandum in Support (Docket Entry No. 16) at 7-8. Defendants next argue that this lawsuit has become moot because Plaintiff was issued refunds of the amounts withheld, minus the amount of the actual

2

reimbursement amount, and has now been made whole. *Id*. at 9. Finally, Defendants argue that Plaintiff failed to avail herself of the administrative process that is available to challenge a claim by Medicare for reimbursement and has not shown why she is not barred by sovereign immunity from suing the United States for damages in this case. *Id*. at 9-10.

By Order entered June 14, 2022 (Docket Entry No. 17), the Court notified Plaintiff of the motion to dismiss and set a deadline of July 22, 2022, for her to file a response. The Court later extended this deadline to September 30, 2022. *See* Order entered July 13, 2022 (Docket Entry No. 19). In its Order, the Court specifically advised Plaintiff that the failure to file a response may result in the motion to dismiss being granted. *Id*. As of the date of this Report and Recommendation, Plaintiff has not filed anything in response to the motion to dismiss.

## II. STANDARD OF REVIEW

Defendants' motion is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has

3

acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. ANALYSIS

The Court acknowledges some level of sympathy for a layperson like Plaintiff who is attempting the difficult task of resolving a dispute with the United States over money that the United States contends is owed to it. The Court further recognizes that the filing of the instant lawsuit appears to have been the only catalyst that led to the return to Plaintiff of money that she contends should not have been garnished from her. Nonetheless, Defendants' motion to dismiss must be granted.

First, although Plaintiff was specifically notified of the motion, given an extended response deadline, and warned of the need to respond, she has not responded in any manner to the motion. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a response indicates that there is no opposition to the motion. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Second, Defendants have raised sound procedural arguments for the dismissal of this lawsuit. Defendants correctly point out threshold deficiencies in Plaintiff's attempt to serve process upon them and correctly contend that they have not been properly served with process in this lawsuit. Plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't,* 18 F. App'x 285, 287 (6th

Cir. 2001). Plaintiff has not met her burden on this issue, and dismissal is warranted for this reason alone under Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure.

Finally, Defendants have set forth meritorious and reasoned legal arguments that this lawsuit has become moot and that sovereign immunity prevents Plaintiff from seeking the monetary damages that she seeks. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the federal government, its agencies, and employees from suit."). In the absence of a response from Plaintiff that rebuts these arguments and shows why her claim for millions of dollars in damages should not be dismissed, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See also Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106, at *2 (M.D. Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926, at *1 (M.D. Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response).

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 15) filed by Defendants be GRANTED and that this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the

5

specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge